*209
Curia, per

O’Neall, J.
On the first ground taken to reverse the recorder’s decision this court is satisfied with the decision below. On the 2d. ground, a majority of this court thinks that the recorder was in error. Unquestionably the rule, in this State, is that the attorney, clerk and sheriff, are respectively entitled to their costs, and the parties have no right to release or discharge them. The 11th sec. of the Act of 1791, re-enacted with some alterations by the Act of ’39, gives to those officers a clear indefeasible right to collect their costs by execution. In the case of Hyams vs. Boyce, 1 McM. 95, it was held that the clerk had no right to demand compensation for his services as they were rendered, but that they must abide the result. This rule it seems to me is equally applicable to the attorney and the sheriff, and hence it follows, that when it is said in the judgment that the party recovers the sums due them, for his costs and charges, it is nothing more than a legal fiction retained to enable them to recover their costs. In Corrie vs. Jacobs, Harper’s Law Rep. 330, the court said and ruled that where the plaintiff recovered judgment against the defendant, the officers could not have execution against the plaintiff for their costs. In that case the judge, (Judge Nott,) says. “The costs in such cases are taxed in the judgment with the debt or damages, and collected with them:” The result of this is that the costs are really and truly payable to the officers for whom they are taxed, and are to be collected by the sheriff under the execution.
In Corrie vs. Fitts, and the same vs. Givens, 3d. McCord, 28, it is said by Judge Colcock, in perfect accordance with Corrie vs. Jacobs, “although, then, the judgment states that the costs are adjudged to the plaintiff, he has no power to collect or receive the costs of the officers of the court; it is mere form?”
This view of our own law makes it unnecessary to rest on the English law. But even under it if the attorney had given notice to the defendant not to pay his costs to the plaintiff, he would not have been justified in doing so. Hullock’s Law of Costs, 513. According to our settled law and practice, I think the taxing of the costs for the officers, and marking the same on the execution, (with their respes *210 tive bills) is notice enough to the party to pay to the officer entitled. The compromise here between the plaintiff and the defendant was pending an appeal, .and after the judgment was signed and execution lodged to bind. The costs were therefore taxed and marked on the execution. The defendant must legally have known that they were payable to the officers. The settlement was nothing more than an acknowledgment that what the plaintiff had a right to receive, was satisfied. That was the sum recovered as damages and the witnesses’s costs, if any.
It is therefore ordered that the entry of satisfation, so far as the same may cover the attorney’s, clerk’s and sheriff’s costs, be vacated, and that execution issue for the same.
Richardson, Wardlaw and Frost, JJ. concurred.
Evans and Butler, JJ. dissented.