## SIMMONS v. REID.

1. This court is not bound to consider exceptions that are couched in general terms and that do not indicate the specific errors complained of.
2. The Court of Common Pleas may by motion on rule to show cause, require parties to set off their judgments *pro tanto* against each other; but this jurisdiction is equitable in its nature, and the application is addressed to the sound, judicial discretion of the court. The Circuit Judge properly refused to permit defendant to set off his judgment against a judgment obtained by plaintiff in claim and delivery after plaintiff, in pursuance of a prior parol agreement, had assigned his judgment to his attorney in payment for services rendered in obtaining it, who in turn, for value, assigned it to a stranger, neither of the assignees having notice of defendant's judgment.
3. This court is not at liberty to consider an issue not passed upon in the court below.

Before ALDRICH, J., Newberry, February, 1887.

The opinion states the case.

*Messrs. Moorman & Simkins,* for appellant.

*Mr. O. L. Schumpert,* contra.

July 26, 1889.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   Simmons having recovered a judgment in a trial justice court for the delivery of a horse and ten dollars damages, or eighty dollars, if the horse be not delivered, and costs, Reid appealed therefrom to the Circuit Court. The appeal was heard during the regular term for November, 1886, and on the 6th of December, 1886, Judge Fraser delivered his judgment, modifying the judgment appealed from, by reducing the alternative judgment from eighty to sixty dollars. It having been discovered that the official term of Judge Fraser had expired before the 6th of December, 1886, and he having been re-elected in the meantime, an extra term of the court was held on the 31st December, 1886, for the purpose of re-signing judgments rendered after his former commission had expired. At the extra term, upon notice, Reid applied to the Circuit Judge for an order to

set off a judgment by confession before a trial justice, entered 24th September, 1883, in favor of Reid against Simmons, a transcript whereof was filed and entered in the clerk's office on the 28th of December, 1886, but the Circuit Judge holding that he could not hear an original motion at an extra term, declined to consider it.

At the next regular term, in February, 1887, the application was renewed on notice. In response to this. application, Simmons, the plaintiff herein, showed cause : 1st. That on the 6th of December, 1886, in consideration of professional services rendered herein, the said plaintiff assigned this judgment to his attorney, in pursuance of a prior parol agreement made and entered into at the time of the commencement of the suit in the trial justice court. 2nd. That subsequently, to wit, on the 24th of December, 1886, the said attorney, for valuable consideration, assigned said judgment to one Pool, who is now the legal owner thereof, and is not a party to these proceedings. 3rd. That said assignment was filed with the judgment roll and lodged with the execution herein on the 24th of December, 1886. 4th. That the judgment by confession before the trial justice now sought to be set off against the judgment herein is not a valid judgment; and, even if so, it cannot be set off as against third parties purchasing for valuable consideration without notice. The Circuit Judge refused the motion on the sole ground that the assignment of the judgment herein was sufficient to bar the appellant's right of set off.

From this order the defendant, Reid, appeals, alleging in general terms error in such refusal. Strictly speaking, we might decline to hear this appeal, as there are no specific errors pointed out, nor are there any indications as to where the error alleged lies. But waiving this, we will proceed to consider the points made in the argument submitted in behalf of appellant.

There can be no doubt that the Court of Common Pleas has jurisdiction in a proper case and upon a proper showing, to require a judgment previously obtained by a defendant against a plaintiff to be set off, *pro tanto*, against a judgment subsequently obtained by the plaintiff against the defendant; and there is as little doubt that this may be done by motion on a rule to show cause. *Wil-*

*liams* v. *Evans*, 2 McCord, 203; *Duncan* ads. *Bloomstock, Ibid.,* 318. But it is equally well settled that this is a common law power, not derived from or regulated by the statutes of set off or discount. The jurisdiction for this purpose is equitable in its nature, and the application is addressed to the sound, judicial discretion of the court. In addition to the cases above cited, see *Tolbert* v. *Harrison*, 1 Bail., 599; *Low* v. *Duncan*, 3 Strob., 195; and *Meador* v. *Rhyne*, 11 Rich., 631; in which last cited case it is said that the court in exercising this jurisdiction will always regard the equitable rights of persons not parties to the suit. It is therefore obvious that section 133 of the Code, relied on by counsel for appellant, has no application.

We see no reason to doubt that the Circuit Judge, in refusing this motion, proceeded upon the principle which, as we have seen, regulates the exercise of this jurisdiction; and certainly we cannot say that there was any abuse of his discretion in refusing the motion. On the contrary, we think it was properly exercised. Here the attorney for the plaintiff in good faith, as we must assume in the absence of any evidence to the contrary, with a view to secure compensation for his services, which had proved to be effective, took an assignment of the judgment, the fruits of his services, when, so far as appears, he had no notice either actual or constructive of the judgment previously obtained by confession in the trial justice court by Reid against Simmons, for the transcript of that judgment was not filed in the clerk's office until after the assignment was executed, and then afterwards assigned the judgment for value to a third person, who was alike without notice. Under these circumstance, it seems to us to have been a very proper exercise of discretion on the part of the Circuit Judge to refuse to require one judgment to be set off against the other, as he could not have done so without disregarding the equitable rights of persons not parties to these proceedings.

. It may be quite true that an attorney has no lien on a judgment recovered by him for his fee (*Scharlock* v. *Oland*, 1 Rich., 207), and it may also be true, under the case of *Miller* v. *Newell* (20 S. C., 123), that a chose in action arising out of a tort strictly personal is not assignable, though in this case the tort upon which the action was founded was a wrong done to property and

not to the person, as in *Miller* v. *Newell*, yet it is undoubtedly true that an attorney has an equitable claim to be paid for his services out of the judgment which he has recovered for his client; and the court, in a proper case, especially in a matter addressed to its discretion, will always recognize such a claim. As is said in the case of *Puett* v. *Beard* (86 Ind., 172; s. c. 44 Am. Rep., 280): "The right to set off one judgment against another is purely equitable and only allowed where good conscience requires it, and good conscience is far from requiring that an attorney's claim for services in securing the judgment should yield to the claim of those holding rights adverse to their clients."

It is true that in *Duncan* ads. *Bloomstock*, *supra*, the court did order one judgment set off against the other, notwithstanding an assignment of one of them to a third person; but that decision manifestly proceeded upon the ground that the assignment was not made in good faith, but simply for the purpose of defeating the motion to set off one judgment against the other, for the court used this language: "The court will nevertheless respect such an assignment where it appears calculated to promote the ends of justice, but not where it has a contrary tendency." The Circuit Judge evidently supposed that by respecting the assignment in this case the ends of justice would be promoted, and we agree with him. It appears to have been made in pursuance of an agreement entered into at the time the action was commenced, and was doubtless the means, and possibly the only means, by which the plaintiff obtained the services of an attorney, which have proved effective.

The counsel for respondent, in his argument, has raised a question as to the validity of the confession of judgment before the trial justice, but as that question was not passed upon by the Circuit Judge, his decision being rested solely on the ground of the assignment, we are not at liberty to consider it.

The judgment of this court is, that the order appealed from be affirmed.