## 11531

### SNIPES v. HORTON

(123 S. E., 321)

MECHANIC'S LIEN—GENERAL CONTRACTOR NOT REQUIRED TO GIVE OWNER NOTICE, WHERE CONTRACT MADE WITH OWNER'S AGENT.—Where a contract was entered into through owner's agent, as against general contractor, owner is not entitled to claim benefit of Civ. Code 1922, § 5641, making written notice to owner a prerequisite to lien where work is done or material furnished upon employment of some other person than owner; that section having no application to general contractor, in view of Sections 5639, 5640.

Before DENNIS, J., Florence, October, 1923. Affirmed.

Action by E. A. Snipes against Mrs. Cary W. Stone Horton to foreclose mechanic's lien. From an order overruling demurrer to the petition, the defendant appeals.

*Mr. P. H. Arrowsmith,* for appellant, cites: *History of Mechanics Lien law:* 6 Stat., 32; 14 Stat., 220; 22 Stat.,

197; 20 Stat., 686; Code 1922, Sec. 5639, repealed by 29 Stat., 686.

*Mr. R. B. Fulton,* for respondent, cites: *Action based on Sec* 5639, Code 1922. *Gives no lien to subcontractors or laborers:* McM. Eq., 431; 13 S. C., 87; 16 S. C., 143; 19 S. C., 6.

June 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Appeal from an order of his Honor, Circuit Judge E. C. Dennis, overruling a demurrer to a petition to foreclose a mechanic's lien.

In his order Judge Dennis thus states the question:

"The demurrer was filed upon the ground that the petition did not state facts sufficient to constitute a cause of action, in that it appears upon the face of the petition that the contract under which the petitioner claims was entered into with, by, and through an agent of the respondent and not with the respondent herself, and that the petition failed to allege that such contractor, who is the petitioner, did in writing notify the owner, and prays that the petition be dismissed as the petitioner is not entitled to proceed on his mechanic's lien."

The relevant portion of the petition is as follows:

"That heretofore on or about the 9th day of March, 1923, the petitioner (E. A. Snipes) and the respondent (Mrs. Cary W. Stone Horton), by and through the agent of the respondent, made and entered into an agreement whereby the petitioner agreed to overhaul, repair, and erect a certain dwelling house on the lot hereinafter described, and whereby the said respondent agreed to pay the petitioner for such work the sum of $1,948.50."

The relevant statutory provisions, a construction of which is sought by appellant, are as follows.

"(5639) § 1. *Party Furnishing Labor and Materials to Have Lien on Buildings, etc.*—Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration, or repair of any building or structure upon any real estate, by virtue of an agreement with or by consent of, the owner of such building or structure, or any person having authority from, or rightfully acting for, such owner, in procuring or furnishing such labor or materials, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him, and the costs which may arise in enforcing such lien under this chapter, except as is provided in the following sections:

"(5640) § 2. *Laborer, Mechanic, Subcontractor, or Materialman Furnishing Material for the Improvement of Real Estate to Have Lien Thereon.*—Every laborer, mechanic, subcontractor or person furnishing material for the improvement of real estate where such improvement has been authorized by the owner shall have a lien thereon subject to existing liens of which he has actual or constructive notice to the value of the labor or material so furnished which may be enforced as hereinafter provided.

"(5641) § 3. *Must Notify Owner of Supply of Material and Value Thereof—Limitation.*—Whenever work is done or material is furnished for the improvement of real estate upon the employment of a contractor or some other person than the owner and such laborer or mechanic, contractor or material man shall in writing notify the owner of the furnishing of such labor or material and the amount or value thereof, then and in that event the lien given by the foregoing section shall attach upon the real estate improved as against the true owner for the amount of the work done or material furnished: *Provided,* that in no event shall the aggregate amount of liens set up hereby exceed the amount

due by the owner on contract price of the improvement made."

Appellant's legal proposition, advanced on circuit, and ingeniously and ably pressed here, is that, since it appears from the complaint that the work was done and material furnished under a contract of employment which was not entered into personally by Mrs. Horton, the owner of the premises, but "by and through" her agent, she is entitled to claim the benefit of the provisions of Section 5641, above set out, making notice in writing to the owner a prerequisite to the attachment of a lien where work is done or material furnished "upon the employment of * * * some other person than the owner," etc. We think the contention is manifestly untenable. Whatever basis may be found in the legislative history of the "Mechanic's Lien Law" for such a contention the question of construction with which we are here concerned is to be resolved in the light of the latest expression of the legislative will and intent, which is embodied in the enactment, under date of March 11, 1922, of the foregoing statutory provisions (Sections 5639, 5640, 5641) as a part of the "only general statutory law of the State." Here the claimant, Snipes, is the general or original contractor. To deny him the right to assert and enforce a lien because the contract with him was made not by the owner personally but by her duly authorized agent would not only abrogate the general law of principal and agent but would nullify the express provisions of Section 5639, according a lien to any person to whom a debt of this nature is due "by virtue of an agreement with, or by consent of, the owner of such building or structure, or any person having authority from, or rightfully acting for, such owner," etc. The provision of Section 5641, to the effect that "whenever work is done or material is furnished * * * upon the employment of a contractor or some other person than the owner and such laborer or mechanic, contractor or materialman shall in writing notify the owner * * *

then and in that event the lien given by the foregoing section shall attach," etc., is by its express terms limited in application to the lien given by Section 5640 to "laborers, mechanics, subcontractors, or persons furnishing material," etc. The plain intendment of Sections 5640, 5641, and 5642 is (1) to protect the owner from having to pay twice for labor and material under the sweeping provisions of Section 5639 by limiting his liability on account of liens to "the amount due, on the contract price of the improvement made" (proviso, Section 5641), and (2) to protect the persons who are not parties to such contract but who furnish labor and material upon the improvement by giving them preferred (Section 5642) liens, through service or written notice upon the owner, to the extent of the aggregate amount the owner is bound by contract for the price of the improvement made. The provisions of Section 5641 have no application to the general or original contractor to whom the owner has become bound by agreement made personally or by his agent.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.