16186.   CHATHAM LAND & HOTEL CO. *v.* MAYOR AND ALDERMEN OF SAVANNAH.

The alleged contract with the city, upon which the affidavit of illegality was based, was illegal, and the court did not err in overruling the affidavit and ordering the execution to proceed.

DECIDED JULY 15, 1925.

Affidavit of illegality; from Chatham superior court—Judge Meldrim.   December 2, 1924.

Application for certiorari was denied by the Supreme Court.

*H. Wiley Johnson,* for plaintiff in error.

*F. P. McIntire, Anderson, Cann & Cann,* contra.

BLOODWORTH, J. 1. In his written opinion overruling the affidavit of illegality Judge Meldrim said: "The land company was the owner of certain lots on 47th Street, Savannah. It desired to have the street paved under what is known as the Oklahoma plan, and to that end addressed to the city a petition, which was 'made with the understanding that all material that comes out of this street is to be subject to placing on our property (that of the land company) within the mile limit as usually called for in your (the city) contracts.' The city paved the street, but did not give to the land company the material (sand) that came out of the street. The company demanded from the city payment for this sand, which demand was refused. The city assessed the company for the cost of paving, and issued execution, and has levied it on certain realty of the company. To this execution the company has filed its affidavit of illegality, on five grounds. Four of these grounds—1, 2, 3, and 4—may be considered together. These grounds are that the company does not owe the amount for which the execution issued, or any part thereof, because the paving was done under the act of August 18, 1919, and in the petition which put the paving machinery in motion it was expressly declared that the material taken from 47th street in order to pave it should be placed at such points on the company's property as the company might designate. The affiant avers that the city refused to permit the material taken from the street to be placed on the property of the company, and that the city had no right to pave the street at the expense of the abutting-lot owners, except upon the condition expressed, and that the petition of the affiant was invalid. The contention is that the city made a contract with the land company that the city would pave 47th street, and give the material taken from that street to the company. Contracts are absolute or conditional. If there was a contract between the parties, it clearly was not absolute. If conditional, then the covenants are dependent one upon the other, and a breach of one is a release of the binding force of all dependent covenants. But there was no dependent covenant in this case. The land company was not to do anything or to omit anything. It was not to confer a

benefit on the city, or to suffer itself an injury. No legal contract existed between the parties. One of the essentials of a valid contract is that there must be a consideration moving to the contract. The sand in the street belonged to the city. The company could not give this sand as consideration for a contract to pave the street, for the company did not own the sand. For the city to have given away this material, valued by the company at $5,000, would have been to have made a donation, given a gratuity of $5,000, to the company. If this were the condition, then it was illegal, and illegal conditions are binding on no one. I am forced to hold that the affidavit is not well founded, and it is ordered and adjudged that the affidavit be, and the same is, hereby overruled, and that the execution proceed." We agree with the learned judge who wrote the foregoing opinion, and adopt it as our own.

2. That portion of the affidavit of illegality not covered by the opinion just quoted is without substantial merit.

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*