18294

Dud COOK, Appellant, v. CANAL INSURANCE COMPANY, Respondent

(140 S. E. (2d) 166)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

January 18, 1965.

LEWIS, Justice.

This action arose out of a dispute as to the right of the plaintiff to a return of $1,737.50 which he had deposited to secure the payment of premiums upon a policy of automobile liability insurance issued to him by the defendant. The right of the plaintiff to a return of the deposit depends upon the validity of a renewal of the policy. The policy was renewed prior to its expiration date by the defendant upon the request of the insurance agent through whom the plaintiff had originally procured its issuance. It developed that the plaintiff did not want the policy renewed and it was cancelled by the defendant. Upon the cancellation of the policy, the defendant deducted from the premium deposit the premium earned during the period in which the renewal was effective, leaving a balance of $278.00 which was tendered to plaintiff. The plaintiff refused to accept the amount tendered and demanded the return of the full amount of the deposit, claiming

that the policy was renewed by the defendant against his wishes, and that the insurance agent who procured the renewal was without authority to do so. Upon the insistence of the defendant that it had the right to deduct the amount of the renewal premium from the deposit held by it, this action was brought by the plaintiff to recover damages for the alleged conversion by the defendant of the aforesaid sum of $1,737.50.

The trial of the case resulted in a verdict for the plaintiff in the amount of $1,737.50, actual damages and $5,000.00, punitive damages. This verdict was subsequently set aside by the lower court upon motion of the defendant and judgment entered for the plaintiff in the amount of $278.00, admitted by the defendant to be due. From the order granting judgment in the foregoing amount, the plaintiff has appealed.

The policy in question was renewed at the request of the insurance agent who originally procured the policy for the plaintiff, and the real issue between the parties concerns the binding effect upon the plaintiff of the acts of this agent in renewing the policy. In setting aside the verdict, the lower court held that the only reasonable inference to be drawn from the testimony was that the plaintiff was bound by the acts of the agent in procuring the policy renewal and, therefore, the defendant was entitled to collect the premium in dispute. The correctness of this conclusion is the basic issue involved in the appeal.

The plaintiff has been engaged in the trucking business as a common carrier for a number of years with headquarters at Lake City, South Carolina. In the operation of his business, he was required to carry liability insurance on his vehicles and to furnish the Interstate Commerce Commission, and the regulatory agencies in the States through which he operated, proof of such coverage. The plaintiff had procured his liability insurance with the defendant, for the period preceding July 1, 1959, through an insurance agent by the name of Mishoe. Mishoe was not a licensed agent of

the defendant. The plaintiff became dissatisfied with the services of Mishoe and, some time prior to July 1, 1959, decided to change insurance agents. He then contacted a Mr. Ragsdale, an officer of T. & J. Finance and Insurance Company, Inc., of Lake City, for the purpose of having that agency handle his liability insurance. (Mr. Ragsdale and T. & J. Finance and Insurance Company will be hereafter referred to interchangeably as T. & J.) T. & J. had previously handled other types of insurance for the plaintiff but apparently this was the first time that it had been asked to handle his liability coverage. Although plaintiff testified that the change of agents to T. & J. was at the suggestion of an officer of the defendant, it is uncontradicted that the plaintiff gave to T. & J. complete authority to handle his liability insurance, and that the defendant had notice of such fact.

T. & J. was a general insurance agency representing several insurance companies in the Lake City area, but was not a licensed agent for, and had no agency agreement with, the defendant. The defendant had its own licensed agent in Lake City.

Pursuant to the designation of T. & J. by the plaintiff to handle his liability insurance, T. & J. placed plaintiff's coverage with the defendant and a policy was issued effective from July 1, 1959 to July 1, 1960. The premiums were based on the gross receipts of the plaintiff and were paid monthly, with an initial deposit required of $1,737.50 to secure the premium payments. Under an agreement between it and the defendant, T. & J. was allowed a commission of ten per cent on the premiums paid under the policy. The monthly premiums were sent to T. & J. by the plaintiff and forwarded by it to the defendant after deducting the above commission. Since all monthly premiums were paid, the premium deposit was never used and remained as a credit with the defendant at the end of the policy period.

As heretofore stated, the controversy here arises over the authority of T. & J. to renew the foregoing on behalf of the

plaintiff. The policy expired on July 1, 1960. Some time prior to that date, the plaintiff and T. & J. discussed the question of its renewal. The plaintiff testified that, due to some dissatisfaction on his part with the service rendered under the policy, he instructed T. & J. not to renew it with the defendant. While the testimony admits of different inferences as to the instructions given by plaintiff to T. & J. relative to the renewal of the policy with defendant, the plaintiff's version of the matter is taken as true in disposing of the issues on appeal. Plaintiff, however, authorized T. & J. to continue handling his liability insurance and to procure coverage for him, effective upon the expiration of his existing policy, without designating any particular company in which to place it, other than his instructions not to continue the policy with the defendant. The instructions to T. & J. not to renew the existing policy were never communicated to the defendant or any of its agents, unless T. & J. was the agent of the defendant.

Thereafter, T. & J., contrary to plaintiff's instructions, wrote to the defendant on June 20, 1960, requesting renewal of the existing policy and that the necessary notices be sent to the regulatory agencies involved. Pursuant to this request, the defendant renewed the policy on or about June 23, 1960, effective July 1st, and on the same date sent notices to the Interstate Commerce Commission and the several State commissions showing the defendant as the insurer for plaintiff for the succeeding year. The renewal policy was mailed by the defendant on June 23rd and received by T. & J. the following day, June 24th. It was carried to the plaintiff by T. & J. on June 24th and, while there are differences as to what transpired at that time with reference to the acceptance of the policy by plaintiff, T. & J. addressed a letter to the defendant on the same date requesting certain additions and deletions in the equipment covered by the policy. These changes were made by the defendant on June 29, 1960. However, on June 29, 1960, apparently because of plaintiff's dissatisfaction with the service rendered by the defendant, T.

& J. obtained with another company the same liability coverage as that afforded by the defendant, and placed plaintiff's insurance with that company effective July 1, 1960. Having obtained plaintiff's insurance elsewhere, T. & J. wrote to the defendant on June 29, 1960, requesting cancellation of the renewal policy which had been issued by it. The defendant received the request for cancellation on June 30th, which came just prior to a weekend, with the Fourth of July holiday following the weekend. This made it impracticable for cancellation notices to be sent out by the defendant before July 7th.

It is 'undisputed that the plaintiff could not lawfully operate his business as a common carrier without first filing proof with the regulatory agencies showing that he had in effect the required liability insurance coverage over his vehicles. It is further undisputed that, once an insurer filed proof with the Interstate Commerce Commission, and certain of the State regulatory agencies, that it provided insurance coverage for a carrier, it could not relieve itself of liability without giving thirty days' notice of such intention. Therefore, since notice of cancellation could not be given by the defendant before July 7, 1960, the effective date of such cancellation would be thirty days thereafter, or August 8, 1960. Under these circumstances, it is not questioned that, if the renewal of the policy with the defendant was binding on the plaintiff, the plaintiff is liable for the premium accruing until August 8th, the earliest date that defendant could effectively cancel.

Although the plaintiff obtained a policy of liability insurance with another company effective July 1, 1960, this company did not file notice with the regulatory agencies of such coverage until after July 1st, the earliest of such filings being July 7th wih the Interstate Commerce Commission, and not until July 16th with the South Carolina Public Service Commission. Therefore, since the plaintiff could not lawfully operate without filing proof that he carried liability insurance, it must be assumed that the plaintiff operated his

business from July 1st until at least July 16th on the basis of liability coverage being afforded by the defendant.

Under the foregoing facts, we think the lower court correctly held that the only reasonable inference to be drawn was that the plaintiff was bound by the acts of T. & J. in effecting the policy renewal with the defendant. The evidence conclusively shows that T. & J. was acting as agent for the plaintiff in procuring his liability insurance and, as such agent, was acting within the apparent scope of his authority in renewing the policy in question.

We are here dealing solely with the binding effect upon the plaintiff of the acts of T. & J. in renewing the policy with the defendant. The plaintiff admits that he clothed T. & J. with authority to procure liability insurance for him after the expiration of the existing policy with the defendant, but contends that the acts of T. & J. were not binding on him because he had given instructions not to renew the policy with the defendant. However, under the circumstances, the fact that T. & J. acted contrary to instructions did not operate to relieve the plaintiff from liability.

The doctrine is well established that a principal is liable for the acts of his agent while acting within the apparent scope of his authority, even when committed against the instructions of the principal. *Williams v. Philadelphia Life Insurance Co.,* 105 S. C. 305, 89 S. E. 675. The rule is thus stated in 3 Am. Jur. (2d), Agency, Section 263: "If an act done by an agent is within the apparent scope of the authority with which he has been clothed, it matters not that it is directly contrary to the instruction of the principal. The principal will, nevertheless, be liable unless the third person with whom the agent dealt knew that he was exceeding his authority or violating his instructions."

Under the facts here, the plaintiff constituted T. & J. as his agent to procure and handle his liability insurance coverage. The plaintiff testified that he informed an agent of the defendant of this fact. Subsequently,

T. & J. placed the insurance with the defendant, a company it did not represent for the period from July 1, 1959 to July 1, 1960, and handled all transactions for the plaintiff with the defendant during the policy period. This authority on the part of T. & J. to handle plaintiff's liability insurance was continued with reference to placing the coverage for the succeeding year, beginning July 1, 1960, except for the instructions not to renew the policy with the defendant. However, the fact that plaintiff had so instructed T. & J. was not communicated to the defendant, and the record contains no circumstance which would put the defendant on notice that the authority of the agent had been so restricted. The facts conclusively show a right on the part of the defendant to continue to rely upon the authority of T. & J. to procure liability insurance coverage for the plaintiff.

Under the circumstances, T. & J. was acting as the agent of the plaintiff in placing the insurance with the defendant, 16 Appleman Insurance Law and Practice, Sections 8722, 8727, 8728; and was clearly acting within, at least, the apparent scope of his authority as such agent in so doing. The renewal of the policy was accordingly binding on the plaintiff.

The plaintiff argues however that, under the provisions of Section 37-233 of the 1962 Code of Laws, the testimony presented a jury issue as to whether T. & J. was the agent of plaintiff or the defendant. This section is as follows:

"Any person who (a) solicits insurance in behalf of any insurance company, (b) takes or transmits other than for himself any application for insurance or any policy of insurance to or from such company, (c) advertises or otherwise gives notice that he will receive or transmit any such application or policy, (d) shall receive or deliver a policy of insurance of any such company, (e) shall examine or inspect any risk, (f) shall receive, collect or transmit any premium of insurance, (g) shall make or forward any diagram of any building or buildings, (h) shall do or perform any

other act or thing in the making or the consummating of any contract of insurance for or with any such company, other than for himself or (i) shall examine into and adjust or aid in adjusting any loss for or in behalf of any such insurance company, whether any such acts shall be done by an employee of such insurance company or at the instance or request of such insurance company, shall be held to be acting as the agent of such insurance company for which such act is done or risk is taken."

It has been held that the foregoing section has no application except when the person performing any of the acts set forth in the statute is acting for the insurance company. *Feagin v. Royal Insurance Company*, 122 S. C. 532, 115 S. E. 808; 44 C. J. S., Insurance, § 143, page 805. We agree with the lower court that there is no reasonable inference to be drawn from this record that T. & J. was acting for the defendant within the meaning of the statute in renewing the policy, and its provisions are therefore inapplicable to the present factual situation.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.