20268

Dr. Joseph HODGE, Appellant, v. FIRST FEDERAL SAVINGS
AND LOAN ASSOCIATION OF SPARTANBURG *et al.,*
Respondents.

(227 S. E. (2d) 310)

*Messrs. Matthew A. Henderson* and *James R. Turner,* of Spartanburg, *for Appellant,*

*Messrs. Holcombe, Bomar* and *Wynn,* of Spartanburg, *for Clement Lumber Company, Respondent,*

*Messrs. Odom, Nolen & Abernathy,* of Spartanburg, *for First Federal Savings and Loan Association, Respondent.*

*Matthew Poliakoff,* of Spartanburg, *for Oree Shipman, Respondent.*

Aug. 10, 1976.

NESS, Justice.

Appellant, Dr. Joseph Hodge, instituted an action against the respondents to remove a mechanic's lien filed by Clement Lumber Co., a respondent, against Hodge's interest in his newly constructed house. Clement answered and counterclaimed seeking to foreclose the lien. The case was referred by consent and the Master's findings were concurred in by the county judge.

The Master and trial court concluded that Clement was entitled to foreclosure of the lien acquired pursuant to S. C. Code § 45-251 (1962), which arises by virtue of an owner's "consent" to be charged for materials used in the improvement of real estate. Further, they concluded that if Clement had not satisfied the statutory requirements for acquisition of a lien, Hodge was estopped to deny the lien. Finally, if Clement was not allowed to claim and foreclose rights as a lien holder, it was granted judgment on an account. The trial court recognized that respondent, Shipman, had not filed a lien or any pleadings, but concluded the evidence supported a claim against Hodge for materials furnished in the construction of the house and awarded him judgment. We affirm the judgment in favor of Clement to the extent that its lien is valid against Hodge and reverse as to Shipman.

Appellant's counsel has filed six exceptions and argues two questions, which are worded as follows:

(1) Did the court err in finding that the statement (mechanic's lien) required in Section 45-259, Code of Laws for South Carolina, 1962, as amended, had been filed within "ninety days after Respondent had ceased to . . . furnish . . . materials" for the structure in question owned by the Appellant?

(2) Did the court err in allowing the Respondent to obtain a personal judgment against the Appellant?

Appellant argues the mechanic's lien was not timely filed. S. C. Code § 45-259 (1962) provides:

"—a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner or, in the event the owner cannot be found, upon the person in possession and files in the office of the register of mesne conveyances or clerk of court of the county in which the building or structure is situated a statement of a just and true account of the amount due him.—"

Respondent, Clement Lumber Co., asserts a lien for materials furnished to appellant Hodge with his consent. S. C. Code § 45-251 (1962). The parties agree that for the lien to have satisfied the timeliness requirement of § 45-259, Clement needed to prove materials were furnished to Hodge on December 12th.

Clement introduced evidence by invoice that it had sold goods to Styles Construction Company for Hodge's house on December 12th. Styles' employee who purchased the materials testified they were not delivered to the Hodge job. In fact, he stated they were diverted to another job. Hodge argues that this evidence was not directly refuted and since the above referenced materials were the only ones furnished

on December 12th, the lower court erred in its finding that the lien was timely filed.

■ There was considerable dispute in the lower court concerning the relationship between Styles Construction Company and Hodge. Hodge had contended that Styles was a general contractor and that he (Hodge) was not responsible for purchase of materials. The lower court concluded that Hodge consented to be responsible for any purchases made from Clement by Styles Construction Company for the Hodge house. No exception, it seems to us, contests this finding and, therefore, it becomes the law of the case.

■ Contrary to Hodge's position, the testimony from the Styles' employee that the goods sold on December 12th for the Hodge house were diverted, confirms the lower court's determination that the lien was timely filed. The statute requires the goods be "furnished" within 90 days of the filing. The goods were furnished to Styles Construction Company by purchase routinely made by Styles, similarly to hundreds of prior purchases for the Hodge house. Since Hodge has not excepted to the lower court's finding that he agreed to be responsible for any purchases made for his house by the Styles Construction Company, he cannot successfully argue that materials purchased by Styles, ostensibly for his house, were not "furnished" within ninety days of the filing. Hodge is liable under ordinary principles of agency. See, e. g., *ZIV Television Programs, Inc. v. Associated Grocers, Inc. of South Carolina,* 236 S. C. 448, 114 S. E. (2d) 826 (1960); *Cook v. Canal Ins. Co.,* 245 S. C. 238, 140 S. E. (2d) 166 (1965).

An argument similar to that of appellant was advanced and rejected in *Snipes v. Horton,* 129 S. C. 1, 4, 123 S. E. 321 (1924). In *Snipes* the Court held the law of principal and agent applies to the scheme of statutes controlling the creation and perfection of mechanic's liens.

In *Snipes* the Court observed that the statute creating the right to a lien expressly contemplates utilization of principal —agent liability to establish the existence of liens. It quotes from the statutory section providing for a lien against an owner "—by virtue of an agreement with, or by consent of, the owner of such building or structure, or any person having authority from, or rightfully acting for, such owner in procuring or furnishing such labor or materials . . ." S. C. Code § 45-251 (1962).

The other argument advanced by Hodge challenges the rendition of a personal judgment against him. The personal judgment was decreed only in the event the lien failed. Since we have concluded appellant has not pointed out reversible error respecting foreclosure of the lien, the personal judgment premised upon the contingency of the invalidity of the lien becomes academic. We hasten to point out that the cases of *Tenney v. Anderson Water, Light & Power Co.,* 67 S. C. 11, 45 S. E. 111 (1903); *Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394 (1909); and *Winston & Company, Inc. v. Georgia & F. R. R.,* 34 F. (2d) 163 (4th Cir. 1929) (interpreting South Carolina law) seem to indicate that a personal judgment cannot be the subject of a counterclaim to a statutory action on a mechanic's lien.

Respondent, Shipman, never filed a mechanic's lien or any complaint. Manifestly, he was not entitled to judgment. See *Lowndes Hill Realty Co. v. Greenville Concrete Co.,* 229 S. C. 619, 93 S. E. (2d) 855 (1956) (mechanic's lien is an in choate right which must be perfected in accordance with statutory provisions of filing etc.)

The judgment of the lower court granting Clement Lumber Company's foreclosure of its mechanic's lien is affirmed and its judgment in favor of respondent Shipman is reversed.

Respondent argues that the award of $639.18 in attorney's fees was unduly low. We disagree. The determination of a reasonable attorney's fee is left to

the sound discretion of the trial judge and is not to be set aside absent a clear abuse of that discretion. Respondent does not set out any particular reasons to justify his contention that the award constituted an abuse of discretion. He merely relies on the time involved without citation of authority. *Darden v. Witham,* 263 S. C. 183, 193, 209 S. E. (2d) 42 (1974); *Weeks v. Southern Bell Telephone & Telegraph Co.,* 467 F. (2d) 95 (5th Cir. 1972); *American Cyanamid Co. v. Page,* 66 F. R. D. 143 (D. C. 1975); 5A C. J. S. Appeal & Error § 1583(b).

This Court recognizes that the considerations which may control the setting of an attorney's fee necessarily are flexible and not absolute, and, if submitted, as here, without proof of the specific time involved, and the value thereof, resolved themselves into a question of reasonableness. The object, of course, is always to allow fair and just compensation for the services rendered, considering the time and skill employed, the experience and results achieved. *Smith v. Smith,* 253 S. C. 350, 170 S. E. (2d) 650 (1969); *Darden v. William, supra; Bull v. City of Spartanburg,* Smith's Advance Sheets, filed February 5, 1976.

Here we have no evidence presented on which to evaluate these factors and after examination of the record in the present case, we cannot say that the trial court's award constituted a clear abuse of discretion.

Any matters not argued under our rule is considered abandoned.

Affirmed in part.

Reversed in part.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.