## 21268

Brenda D. WHITE, Appellant, v. James T. BOSEMAN, Respondent.

(268 S. E. (2d) 287)

*Richard J. Whitaker,* Beaufort, *for appellant.*

*Larry R. Patterson,* Greenville, *for respondent.*

July 22, 1980.

LEWIS, Chief Justice:

The appellant initiated this action to require respondent to support two of her children born out of wedlock. The basic issue involved the paternity of the children. The trial judge found that appellant had failed to satisfy the necessary burden of proof to establish the respondent as the natural father of the children and denied the relief sought. We reverse.

On appeal from an order of the Family Court, this Court has jurisdiction to find facts in accordance with its view of the preponderance or the greater weight of the evidence, and may reverse a factual finding by the lower court when the appellant satisfies this Court that the finding is against the preponderance of the evidence.

*Spires v. Higgins,* 271 S. C. 530, 248 S. E. (2d) 488. With this premise in mind, we review the evidence.

■ The appellant first met the respondent when she left home to attend college. Although she had not previously been intimately involved with men, she began to regularly have sexual intercourse with the respondent and soon became pregnant. He admitted their sexual activity, but added that he was pretty sure he took contraceptive measures and that he had observed her dating other men during this time. During the pregnancy, two letters from the respondent were received by the appellant. His letters alluded to the pregnancy and indicated his intention to render financial assistance. Later, the child was born and the respondent signed the birth certificate as the father. He contented that the appellant's family threatened disclosure to college officials in order to insure the child had a last name and not to require anything from him. He therefore concluded that his signature was not rendered as an admission of paternity, but rather to prevent his academic scholarship from being jeopardized.

Appellant testified that after the birth of the first child, their romantic interludes resumed and she again became pregnant. However, respondent denied any further sexual activity. During the period of her second pregnancy, the appellant indicated she received monies to assist by way of financial support. Two notes received through the mail from the respondent were produced to corroborate her testimony. Although the respondent testified, he gave no testimony regarding these notes or the previously mentioned letters. While respondent did not sign the second birth certificate, his name was entered thereon as the father.

We think the preponderance of the evidence requires the conclusion that the respondent is the father of both children. The order of the trial judge is therefore reversed and the case is remanded for entry of judgment declaring the respondent to be the father of the children who are the subject

of this action and for the determination of the other issues involved.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.