21300

Harry C. **CLINKSCALES,** Appellant, v. Geneva Gillespie Martin Lingfelt **CLINKSCALES,** Respondent.

**(270 S. E. (2d) 715)**

*V. Laniel Chapman* and *Joseph R. Barker,* Anderson, and *Felix L. Finley, Jr.,* Pickens, *for appellant.*

*J. Calhoun Pruitt, Jr.,* of *Pruitt & Pruitt,* Anderson, *for respondent.*

September 15, 1980.

LEWIS, Chief Justice:

The appellant initiated this action to obtain a legal separation and the return of $10,321.18 withdrawn from a checking account by his new wife. His petition was denied and he has appealed the lower court's disposition of the funds to the wife. We reverse. The facts we rely upon are primarily undisputed.

After knowing each other for approximately six weeks, the parties to this action were married. This was the third

marriage of each party, the appellant being seventy-one (71) years of age and the respondent wife fifty (50) years of age. Soon after their marriage, the appellant opened a new bank account and disposited in excess of $10,000.00 which he had realized as the result of the sale of some of his real estate. Within a few days, a signature card was submitted for the wife, and the account was converted to one of a joint nature. The wife received checks annotated Harry C. Clinkscales, Sr. or Geneva G. Clinkscales. Differences soon arose between the parties and after approximately three weeks of marriage, the wife returned to their home, acquired most of her belongings and departed. Subsequently the appellant discovered she had removed substantially all of the funds from the joint bank account. This action ensued.

The trial judge found appellant intended to make a gift of the entire bank account and denied the appellant's petition for return of the funds. Insofar as he found a gift in excess of one half of the account, he erred.

This Court has jurisdiction, on an appeal from an order of the Family Court, to find facts in accordance with its view of the preponderance or the greater weight of the evidence, and may reverse a factual finding by the lower court when the appellant satisfies this Court that the finding is against the preponderance of the evidence. *White v. Boseman,* S. C., 268 S. E. (2d) 287, 1980.

§ 34-11-10 concerns the nature of bank deposits made in the name of two persons. It provides:

When any deposit has been made in any bank, banking institution or depository transacting business in this State in the names of two persons, payable to either or payable to either or the survivor, such deposit or any part thereof may be paid to either of such persons, whether the other be living or not and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge for any or all payments so made.

The term "deposit" shall include a certificate of deposit. Relying on this section, we have previously held that a rebuttable presumption arises that the parties to such an account intended such monies to be paid to the survivor as owner. *Hawkins v. Thackston,* 224 S. C. 445, 79 S. E. (2d) 714; *Gilford v. South Carolina National Bank,* 257 S. C. 374, 186 S. E. (2d) 258. Since the statute makes no distinction as to those "living or not," the presumption concerning intent equally applies prior to the death of one of the individuals.

However, we do not hold this presumption arises as to the entire amount when both parties to the account are living.

41 C. J. S. *Husband and Wife* § 153A indicates:
*Deposit in bank.* Where a husband makes a deposit in a savings bank in the names of himself and wife he is presumed to have intended . . . to give her a present ownership of one half of the funds in the account.

It follows that the facts of this case, considered in conjunction with the referenced authorities, require the conclusion that the appellant had the requisite intent to make a gift only as to one half of the property. The record is therefore insufficient to support the finding of a gift of the entire account.

We are aware of the authority providing that where a wife with the intention of leaving or deserting her husband, induces him to convey property to her, a court will on her subsequent desertion, compel a recovery. 41 Am. Jur. (2d) *Husband and Wife* § 268, p. 222. However, this case does not contain proof of a fraud, but rather it is only indicative of a marriage entered into without significant reflection and from which divergent views soon surfaced.

Accordingly, we hold the appellant is entitled to the return of one half of the funds previously present in the joint

account. *See Austin v. Summers,* 237 S. C. 613, 118 S. E. (2d) 684. The order of the lower court is reversed and the case is remanded for entry of judgment in the amount heretofore indicated, with the restraining order heretofore issued by the lower court continued in effect.

Reversed and remanded.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.