21585

Ex parte STEVENS, STEVENS & THOMAS, P. A., Respondent, In re William H. MORGAN, Appellant, v. Kenneth HONEYCUTT and Harriett Honeycutt, Defendants.

(283 S. E. (2d) 444)

*Burroughs, Green & Sasser,* Conway, *for appellant.*

*Carroll D. Padgett, Jr.,* Loris, *for respondent.*

October 12, 1981.

*Per Curiam:*

This appeal is from circuit court Orders denying appellant's Demurrer and granting respondent judgment for $2,044.79. Appellant asserts he was denied his right to a jury trial. We disagree and affirm.

The respondent law firm represented appellant Morgan in a collection matter against Kenneth and Harriet Honeycutt. Default judgment was entered in 1978 against the Honeycutts in the sum of $6,132.21. In 1980, the Honeycutts sought to satisfy the judgment and paid the monies into the Clerk of Court for Horry County. Prior to disbursement of the funds, respondent petitioned the court to obtain its one-third attorneys' fees. Respondent did not institute a separate action for its fee but placed the issue before the court by a Rule to Show Cause.

Appellant testified he had been informed by the North Carolina attorney who had contacted respondent that James P. Stevens, Sr.'s fee for handling the collection would be $150.00 (Tr. p. 22). Appellant further stated, however, that when he went to respondent's office to verify the complaint, Mr. Stevens stated his fee would be one-third of any amount obtained from the Honeycutts. (Tr. p. 23-24). Appellant testified he signed the verification after Mr. Stevens informed him his fee would be one-third of the amount collected. (Tr. pp. 24 and 31).

While a claim for professional services has been regarded as an action in contract entitling the parties to a jury trial, we now hold that an action for attorney's fees is one in equity.

Moreover, the undisputed facts here reveal appellant was aware of the fee arrangement prior to verifying his Complaint. While silence alone is not regarded as acceptance, conduct which manifests assent to the offeror is acceptance. See *Shealy v. Fowler*, 182 S. C. 81, 188 S. E. 499 (1937); *Moore v. Palmetto State Life Ins. Co.*, 222 S. C. 492, 73 S. E. (2d) 688 (1952).

We conclude this was a matter in equity and appellant was not entitled to a jury trial. Accordingly, the trial court's orders are affirmed pursuant to Rule 23 of the Rules of this Court.