0153

W. Rhett ELEAZER, Appellant-Respondent, v. HARDAWAY CONCRETE COMPANY, INC., Respondent-Appellant. In re HARDAWAY CONCRETE COMPANY, INC., Plaintiff, v. PALMETTO GRADING AND PAVING COMPANY, INC., Defendant.

(315 S. E. (2d) 174)

Court of Appeals

*Michael W. Sautter*, Columbia, *for appellant-respondent.*

*Daniel T. Brailsford*, Columbia, *for respondent-appellant.*

April 16, 1984.

GOOLSBY, Judge:

This is an action to dissolve a lien originating by attachment and to recover an attorney's fee, costs, and disbursements. The principal issue is whether W. Rhett Eleazer, an attorney, possesses an equitable lien upon the proceeds of a judgment he obtained for a client to cover his fee, costs and disbursements in the action which produced the judgment. The trial judge held that a judgment secured by Palmetto Grading and Paving Company, Inc. (Palmetto), against J. A. Metze & Sons, Inc. (Metze), was subject to an equitable lien possessed by Eleazer and that the lien was superior to the lien originating by attachment possessed by Hardaway Concrete Company, Inc. (Hardaway). The trial judge, however, limited the amount Eleazer could recover as an attorney's fee. Both Hardaway and Eleazer appeal. We affirm the existence in this instance of an equitable lien covering the attorney's fee and of a lien covering costs and disbursements; however, we reverse the trial judge as to the amount which Eleazer can recover as an attorney's fee and affirm the trial judge as to the amount Eleazer can recover as costs and disbursements.

Eleazer was retained to represent Palmetto in its claim against Metze for a breach of contract. Palmetto agreed to pay Eleazer an attorney's fee on the basis of $60 per hour plus court costs. Except for $100 paid as a retainer, payment of Eleazer's fee was contingent upon a recovery from Metze. Palmetto also agreed that Eleazer's fee would constitute a lien against any proceeds recovered either by verdict or by settlement. At the time Eleazer undertook to represent Palmetto, it was an active corporation.

Pursuant to the fee arrangement, Eleazer worked, the record shows, a total of 47.25 hours. He performed research, prepared pleadings, motions, and orders, prepared for trial, and engaged in the actual trail of the case. The sum of $80 was spent by him on filing fees and in connection with the service of subpoenas. Expert witnesses who testified during the trial of the case cost Eleazer an estimated $300.

A jury verdict was subsequently rendered in favor of Palmetto in the amount of $1,400 actual damages. After the time for appeal expired, Eleazer notifed the Richland County Clerk of Court to enroll the judgment in the Richland County public records.

Before execution could be had, however, Hardaway sued Palmetto on an open account for $5,447.26. Pursuant to Sections 15-19-10 *et seq.* of the South Carolina Code of Laws, 1976, Hardaway attached the proceeds of Palmetto's judgment against Metze on the ground that Palmetto was then a wholly defunct corporation with no address, no telephone, no agent, and no means of establishing or maintaining contact with its creditors. The warrant of attachment was served upon Metze. Metze in turn paid the amount of the judgment owed Palmetto to the Richland County Sheriff.

Eleazer then instituted this action against Hardaway wherein he requested that the court order the attachment released in favor of his claims for an attorney's fee, costs and disbursements. The trial judge concluded that Eleazer was equitably entitled to recover from the judgment proceeds an attorney's fee in the amount of $400 and costs and disbursements in an amount not to exceed $380. The attachment lien was partially dissolved.

## I. Hardaway's Appeal

Hardaway maintains that in South Carolina an attorney has no charging lien upon any judgment obtained by him for a client to cover his fee, costs and disbursements; consequently the trial judge erred in partially dissolving its attachment lien and in allowing Eleazer to recover from the judgment obtained by him for Palmetto sums representing an attorney's fee, costs, and disbursements. The cases of *Perry v. Atlantic Coast Life Ins. Co.*, 166 S. C. 270, 164 S. E. 753 (1932) and *Keels v. Powell*, 207 S. C. 97, 34 S. E. (2d) 482 (1945) are cited in support of its position.

An "attorney's charging lien" is an equitable right to have the fee and costs due an attorney for services rendered in a legal proceeding secured to him out of any judgment or recovery obtained therein. 7 Am. Jur. 2d *Attorneys at Law* § 324 at 336-37 (1980); 7A C.J.S. *Attorney & Client* § 359 at 713 (1980). Although the term "lien" is frequently used in connection with that equitable right, the use of the term has been criticized as inaccurate. *See Massachusetts & Southern Construction Co. v. Township of Gill's Creek*, 48 F. 145, 147 (C.C.S.C. 1891), *appeal dismissed*, 154 U. S. 521, 14 S. Ct. 1154, 38 L. Ed. 1073 (1893). In any case, "[t]he lien is based on the natural equity that [the] plaintiff should not be allowed to appropriate the whole of a judgment in his favor without paying thereout for the services of his attorney in obtaining such judgment." 7A C.J.S. *Attorney & Client* § 359 at 713-14 (1980). A common law charging lien is not recognized in all states. 7 Am. Jur. 2d *Attorneys at Law* § 325 (1980). While South Carolina recognizes an attorney's lien created by the common law, the lien protects only costs and disbursements; it does not cover an attorney's fee. *See Ex parte Fort In re Boyd v. Lee*, 36 S. C. 19, 15 S. E. 332 (1892); *Simmons v. Reid*, 31 S. C. 389, 9 S. E. 1058 (1889); *Miller v. Newell*, 20 S. C. 123 (1883); *Scharlock v. Oland*, 1 Rich. 207, 30 S.C.L. 207 (1845); *Massachusetts & Southern Construction Co. v. Township of Gill's Creek, supra; cf. Keels v. Powell, supra; Perry v. Atlantic Coast Life Ins. Co., supra.*

A lien for the payment of an attorney's fee out of the proceeds of a judgment obtained as a result of an attorney's efforts, however, may be created by an express agreement between an attorney and his client. 7 Am.

Jur. 2d *Attorneys at Law* § 326 at 338 (1980); 7A C.J.S. *Attorney & Client* § 360 at 717 (1980). Indeed, an agreement between an attorney and his client " 'that the attorney shall have a lien on the judgment, is decisive as to the existence of the lien and its amount, and constitutes a valid equitable assignment *pro tanto* which attaches to the judgment as soon as it is entered.' " *Adair v. First National Bank*, 139 S. C. 1, 6, 137 S. E. 192 (1924); *see also* 7A C.J.S. *Attorney & Client* § 360 at 717-18 (1980). Our courts will recognize an equitable lien created by contract in proper cases. *See Adair v. First National Bank, supra; Simmons v. Reid, supra; cf. Black v. B. B. Kirkland Seed Co.*, 163 S. C. 222, 161 S. E. 489 (1931); *In re Wells*, 43 S. C. 477, 21 S. E. 334 (1895); *Georgia-Carolina Gravel Co. v. Blassingame*, 129 S. E. 18, 123 S. E. 324 (1924).

Regarding the two cases, *Perry* and *Keels*, relied upon by Hardaway, neither case involved an equitable action to enforce an attorney's lien created by agreement.

Here, there was, as the trail judge found, an express agreement between Eleazer and his client, Palmetto, that his fee would be secured by an equitable lien upon the proceeds of any judgment obtained by Palmetto. Because of that agreement and because there is nothing in the record to indicate that Eleazer acted in any way other than in good faith, we hold that equitable interference was proper to secure from the judgment obtained by Eleazer for Palmetto an amount to pay his fee. *See Adair v. First National Bank, supra; Simmons v. Reid, supra.*

Since the costs and disbursements were covered by a common law lien on the judgment, the trail court properly directed their payment also. *Miller v. Newell, supra; Scharlock v. Oland, supra; see also Massachusetts & Southern Construction Co. v. Township of Gill's Creek, supra.*

Hardaway purports to argue in its brief two exceptions regarding the priority of Eleazer's equitable lien and common law lien. Nowhere in its brief can we find where those exceptions are actually argued. Exceptions not argued are deemed abandoned. *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981); *Cudd v. John Hancock Mutual Life Ins. Co.*, _____ S. C. _____ , 310 S. E. (2d) 830 (S. C. App. 1983). In any case, Eleazer's liens are superior to the claim of Hardaway because they "relate[] back to, and take [] effect from,

the time of the commencement of the services" rendered by Eleazer as Palmetto's attorney. 7 Am. Jur. 2d *Attorneys at Law* § 332 at 343 (1980); 7A C.J.S. *Attorney & Client* § 384 at 758 (1980); *cf. Adair v. First National Bank, supra; Simmons v. Reid, supra.*

## II. Eleazer's Appeal

Eleazer complains about the amount allowed him as an attorney's fee. He claims that he was entitled to receive the full amount of the funds attached by Hardaway.

An action by an attorney to secure compensation for ▮▮ obtaining a judgment for a client is equitable in nature.

7 Am. Jur. 2d *Attorneys at Law* § 324 at 337 (1980); *see Morgan v. Honeycutt,* 277 S. C. 150, 283 S. E. (2d) 444 (1981). Where an equitable action is tried by the trial judge alone without a reference, the Court of Appeals has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Baron v. Dyslin,* _____ S. C. _____, 309 S. E. (2d) 767 (S. C. App. 1983). If an appellent convinces the court that a finding of fact is against the greater weight of the evidence, the Court of Appeals can reverse the factual finding. *White v. Boseman,* 275 S. C. 184, 268 S. E. (2d) 287 (1980); *Baron v. Dyslin, supra.* While we agree with the trial judge as to the amount Eleazer should recover as costs and disbursements, we disagree with him as to the sum Eleazer should recover as an attorney's fee.

The only evidence before the trial judge regarding the amount of Eleazer's fee was the client's affidavit to which was attached a statement from Eleazer. It reflected that Eleazer claimed $2,835 as an attorney's fee. Without explanation, the trial judge found Eleazer to be entitled to only $400 as an attorney's fee.

An attorney is entitled to the reasonable value of the ▮▮ services performed for his client in the absence of a controlling contract, statute, or rule of court fixing the amount of compensation [7 Am. Jur. 2d *Attorneys at Law* § 277 (1980); 7A C.J.S. *Attorney & Client* § 324 (1980); *cf. Royal Crown Bottling Co. v. Chandler,* 226 S. C. 94, 83 S. E. (2d) 745 (1954)]; and where a trial judge undertakes to determine what constitutes reasonable compensation for services performed

by an attorney in a given case his determination will not be set aside on appeal absent a clear showing of an abuse of discretion. *See Wood v. Wood,* 269 S. C. 600, 239 S. E. (2d) 315 (1977); *Hodge v. First Federal Savings & Loan Ass'n,* 267 S. C. 270, 227 S. E. (2d) 310 (1976). With respect to an attorney's charging lien, however, a specific agreement between an attorney and his client regarding the amount the attorney is to be paid for his services determines the extent of the lien. 7 Am. Jur. 2d *Attorneys at Law* § 327 (1980); 7A C.J.S. *Attorney & Client* § 364 at 725-26 (1980); *see Adair v. First National Bank, supra.* Only in the absence of such an agreement is a trial judge to base his determination as to the amount of the lien upon *quantum meruit* or the reasonable value of the services rendered. *See* 7 Am. Jur. 2d *Attorneys at Law* § 327 (1980); 7A C.J.S. *Attorney & Client* § 364 at 726 (1980).

Here, as we mentioned, there was a specific agreement between Eleazer and Palmetto regarding the rate of hourly compensation Eleazer was to receive for his services. He was to be paid $60 per hour. No agreement existed, however, concerning the number of hours Eleazer could employ in prosecuting Palmetto's claim against Metze. Even so, Hardaway offered no evidence that Eleazer in representing Palmetto in that action spent less time than his statement reflects. Eleazer's client did not question the amount due. To the contrary, it thought Eleazer's statement to be both "fair and reasonable" even though the amount due as an attorney's fee exceeded the amount of the judgment obtained against Metze. Moreover, nowhere did the trial judge make a finding either that the fee Eleazer sought was not in fact based upon the actual number of hours work done on the case or that the amount of the fee was unreasonable in light of the particular circumstances. *See* 7 Am. Jur. 2d *Attorneys at Law* § 277 (1980).

The parties stipulated in the record before us that Eleazer devoted 47.25 hours to Palmetto's case against Metze and that Palmetto agreed to pay Eleazer $60 per hour. Eleazer, then, is entitled to an attorney's fee in the amount of $2,835 less the $100 Palmetto paid as a retainer. He also possesses an equitable lien against the Metze judgment in the amount of $2,735 for an attorney's fee and a common law lien in the amount of $380 for costs and disbursements. The trial judge's order

regarding the sum which Eleazer may recover from the judgment as an attorney's fee, therefore, is reversed.

Because Eleazer's equitable lien for an attorney's fee and his lien for costs and disbursements are superior to Hardaway's attachment lien, we fully dissolve the latter. In doing so, we recognize that no funds will remain after Eleazer is paid to satisfy Hardaway's judgment against Palmetto; however, "[a]s a matter of common justice and as a matter of public policy, Courts must protect attorneys when their conduct has been ... fair...." *Adair v. First National Bank, supra* 139 S. C. at 7. But for the efforts of Eleazer, there would have been no judgment for Hardaway to attach.

Accordingly, the judgment appealed from is

Affirmed in part and reversed in part.

GARDNER and CURETON, JJ., concur.