ELIHU BOOTH *et al.*, v. V. S. BOOTH *et al.*, Appellants.

**Taxes:** PAYMENT BY LIFE TENANT: *Advances by co-tenant.* A tenant in common paid taxes on the property during the tenancy of his mother, life tenant thereof, but it did not appear that he paid them on account of the failure of his mother to do so or that he paid them after default. *Held*, that he would not be allowed for the taxes in partition proceedings, since it was the life tenant's primary duty to pay them.

**Co-Tenancy:** ALLOWANCE FOR IMPROVEMENTS BY CO-TENANTS. In partition of land held by co-tenant's mother during life, defendant, who occupied the premises with his mother during her tenancy, claimed reimbursement for improvements made by him, but it did not appear that the permanent value of the improvement was distinct from the cost of ordinary repairs, and there was no claim by plaintiffs for rent. Plaintiffs had notified defendant that such premises were not to be subjected to any expense for improvements made by him. *Held*, that defendant would not be allowed for improvements made.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE, Judge.

FRIDAY, MAY 17, 1901.

ACTION for partition. The two plaintiffs claim that they and defendant V. S. Booth, as heirs of L. S. Booth, deceased, are the owners in common of certain described real estate, and ask partition thereof. Defendant V. S. Booth does not question the title under which plaintiffs claim, but asks that, if partition be granted, certain improvements made by him on the premises be set off to him; and that, if a sale be ordered, the amount expended by him in improvements be made a lien upon the proceeds; and that he also have a lien for certain taxes paid. The other defendants make no claim, and V. S. Booth will be treated as the sole defendant. The court ordered a sale of the premises and a distribution of the proceeds, without any allowance to

defendant for improvements and taxes.   Defendant appeals.
*Affirmed.*

*Sager & Sweet* for appellant.

*Long, Hagemann & Farwell* for appellees.

McClain, J.—L. S. Booth died intestate seised of the real estate involved in this case, which was his homestead, leaving surviving a widow and three children, two of whom are the plaintiffs and the third the defendant V. S. Booth. The widow elected to retain the homestead for life. The defendant, under some arrangement with his mother, lived with her for a time on the premises, and subsequently married, and occupied the house, his mother living with his family. The mother having died, the three children, as tenants in common of the reversion, have become the owners of the property, and the only question in this case is whether defendant is entitled to reimbursement for expenses for improving the premises during the continuance of the widow's tenancy for life, and for taxes paid by him during that time. There is no question but that during the continuance of the widow's life estate the primary duty of paying the taxes rested upon her. *Defreese v. Lake,* 109 Mich. 415 (67 N. W. Rep. 505) ; *Trust Co. v. Mintzer,* 65 Minn. 124 (67 N. W. Rep. 657) ; *Olleman v. Kelgore,* 52 Iowa, 38. It does not appear that the defendant paid these taxes on account of failure of the life tenant to do so, or that he paid them after default, so that he could claim that the expenditure was for the purpose of protecting the rights of himself and plaintiffs as reversioners. He, therefore, has no claim against plaintiffs on account of such taxes. The improvements were put upon the land by defendant during the continuance of the widow's life tenancy. We know of no rule which allows the representative of the life tenant to make a claim against the owners of the reversion for improvements on the premises during the tenancy, nor does it appear that,

if there were any such right, defendant is the owner thereof. There is some authority for the claim that one ·co-tenant may set off the value of permanent improvements as against a claim by the other co-tenants for rent (*Ward v. Ward's Heirs,* 40 W. Va. 611 (21 S. E. Rep 746, 29 L. R. A. 449, 52 Am. St. Rep. 911), and note; *Cosgriff v. Foss,* 152 N. Y. 104 (46 N. E. Rep. 307, 36 L. R. A. 753, 57 Am. St. Rep. 500); *Ford v. Knapp,* 102 N. Y. 135 (6 N. E. Rep. 283); but in this case plaintiffs are not asking to recover any rent from defendant. Furthermore, defendant does not show the permanent value of the improvements as distinct from the cost of ordinary repairs. It also appears that plaintiffs distinctly notified defendant that the premises were not to be subjected to any expense for improvements made by defendant. Moreover, as above indicated, the improvements were not made by defendant as co-tenant, but while occupying the premises under an arrangement with the life tenant during the continuance of the life estate. The court therefore properly refused any allowance to defendant for taxes or improvements.—AFFIRMED.