18549

Charles W. CHILDERS, Respondent, v. GAS LINES, INC., Appellant

(149 S. E. (2d) 761)

318

*Messrs. Holcombe & Bomar,* of Spartanburg, *for Appellant,*

*Messrs. Burts & Turner,* of Spartanburg, *for Respondent,*

August 15, 1966.

WILLIAM L. RHODES, Acting Justice.

The respondent sustained injuries when the motorcycle operated by him was overturned as the result of it having collided with debris from a traffic sign alleged to have been placed in his lane of traffic by the appellant. The injuries to the plaintiff were sustained at about 11:15 P. M. on the night of July 28th, 1964, at a point on Heywood Street, in the City of Spartanburg, where the appellant was then engaged in installing a gas line along the shoulder of the said street. Action having been instituted by the respondent, a jury trial was had resulting in a verdict in his favor. At the appropriate stage the appellant moved for judgment *n. o. v.* on the grounds (a) that no negligence had been proved against the appellant as having proximately contributed to the accident, and (b) that the only reasonable inference from the testimony was that the intervening, independent act of an unknown automobile, striking and tearing up appellant's traffic sign, proximately caused the accident This appeal followed the overruling of the motion by the trial court.

Under the established rule the question of whether ■ or not there was error in refusing motion for judgment *n. o. v.* requires the court to consider the testimony and the reasonable inferences to be drawn therefrom in the light most favorable to respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. *Gray v. Barnes,* 244 S. C. 454, 137 S. E. (2d) 594, 596; *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667; *Matthews v. Porter,* 239 S. C. 620, 124 S. E. (2d) 321. Not only should consideration of the facts be submitted to the jury when in dispute, but the jury must also pass on the questions of inferences to be drawn from such facts after they have been determined. *Howle v. Woods,* 231 S. C. 75, 97 S. E. (2d) 205, 209; *Moorer v. Dowling,* 216 S. C. 456, 58 S. E. (2d) 734.

It is, of course, elementary that in order for a plaintiff ■ to recover damages there must be proof not only of damages but also proof of actionable negligence on the part of the defendant. It is undisputed that between the hours of 7:30 A. M. and 5:00 P. M. of the day in question, the work crew of the appellant had been digging a ditch and installing therein a two inch pipe along the shoulder of Heywood Street. The ditch being dug was three feet in depth and fourteen or sixteen inches in width, and followed a course about four feet from the eastern edge of the asphalt portion of Heywood Street. Heywood Street at this point is normally a two-laned road, traffic being authorized to proceed in both directions, and runs generally North and South. A ditch-digging machine was being used in the construction which threw dirt on the asphalt portion of Heywood Street with the result that during its operation one lane of traffic on said street had to be closed and one-way traffic only maintained. It is further undisputed that on July 28th a sign indicating "one way traffic" was placed by the appellant's crew on the asphalt portion of the street, and left there until at least shortly before the work crew

ceased work at 5:00 P. M. The foreman of appellant's work crew was emphatic in his testimony that this "one way traffic" sign was moved from the asphalt portion of the street and placed well onto the shoulder of the street at the time the crew ceased work for the day. He further testified that two flambeaux were placed in front of the sign when it was moved to the dirt shoulder.

The testimony of Frank Arthur, a witness for the respondent, is to the effect that he first passed the site in question at approximately 10:00 P. M. and that the sign was erect and on the asphalt portion of the road, and that he narrowly missed colliding with it. This witness again passed the scene in question at about 11:00 o'clock P.M., and states that the sign had been broken up and part of it was lying in the road. The testimony of Mrs. Ophelia Millwood, who lives in a house very near the scene, is that she was getting in a taxi to go to work at about 10:30 P. M. when she heard, but did not see, a car strike the sign. The testimony of Randall Joe Millwood, the 14 year old son of Mrs. Ophelia Millwood, is belabored by both appellant and respondent and contradictory conclusions are drawn by each as to its effect. It is sufficient to say that, in our opinion, the testimony of this witness is of such a vague and indeterminate nature as to be of no weight on the issues with which this appeal is concerned.

The respondent was operating his motorcycle in a northerly direction in his proper lane of traffic when his vehicle collided with a portion of a wooden sign that was lying in the paved portion of the street. It is reasonably inferable from the evidence that the debris with which he collided was a portion of the "one way traffic" sign above alluded to. The main thrust of appellant's contention on this point is that there exists no evidence sufficient to form the basis for a reasonable inference that the presence of this debris on the paved portion of the street is attributable to its negligence. It contends that the evidence is susceptible of only the reasonable inference that the sign was placed by it a

safe distance from the paved portion of the street and that after the time its employees ceased work at 5 :00 P. M. the sign in question was hit by a passing motorist and a portion of it came to rest in the paved portion of the street.

We have carefully studied the evidence in this case ██ and are of the opinion that it was sufficient to require the submission of the issue of defendant's negligence to the jury. The law does not require every fact and circumstance of negligence to be proved by direct and positive evidence or the testimony of eyewitnesses. Proof of negligence may rest entirely on circumstances, and circumstantial evidence alone may authorize a finding of negligence. Negligence may be inferred from all of the facts and attendant circumstances in the case, and where the circumstances are such as to take the case out of the realm of conjecture and into the realm of legitimate inferences from established facts, a *prima facie* case is made. *Hopkins v. Derst Baking Company*, 221 S. C. 497, 71 S. E. (2d) 407, 409 quoting with approval from 38 Am. Jur., Sec. 333, page 1032.

The circumstances disclosed by the evidence, when ██ analyzed in the light of the foregoing principle of law, are sufficient to support a legitimate inference of negligence on the part of the appellant. The testimony of Prickett, foreman of appellant's work crew, was that it was required that the "one way traffic" sign be left in the street if it was not free of dirt. The witness Frank Arthur, above referred to, testified that there existed a mound of dirt "a good two feet high" protruding six to eight inches on the asphalt portion of the street on the night in question. The witness Paul Atkins testified that the dirt protruded onto the pavement "at least a foot". This protrusion was in the lane of travel of respondent and on the side of the street adjacent to the ditch being dug by the appellant. It is inferable, therefore, that the standard and usual procedure of the appellant would have been to place the "one way traffic" sign at that point in the street warning of the ob-

struction of the lane of travel. The witness Prickett further testified that flambeaux were placed only on the shoulder and not on the asphalt portion of the street the night of July 28th, 1964. The witness Terry Arthur, who saw the scene at 10:00 P. M., prior to the destruction of the sign, testified that the flambeaux did not illuminate the sign. Construing all of these circumstances together, there is no question but that one reasonable inference that can be legitimately drawn is that appellant's work crew failed to move the sign from the asphalt portion of the street when it quit work for the day, and that it further neglected to properly place lights in order to illuminate it. It is the duty of one who has placed an obstruction in a highway to use due care in guarding against or warning against danger from the obstruction. 40 C. J. S. Highways § 262, p. 309. It is unnecessary to cite authorities that a contractor who leaves a sign at night in a city street unlighted has failed to use due care.

In the case of *Shepherd v. United State Fidelity and Guaranty Company*, 233 S. C. 536, 106 S. E. (2d) 381, plaintiff's automobile was in collision with defendant's runaway automobile, which had been parked by her in the driveway. Defendant testified that she knew she had set the brakes before alighting from the vehicle because that was her fixed habit. After the collision with plaintiff's automobile, the runaway automobile was found not to have its brakes set and to be in neutral gear. The defendant contended the evidence was insufficient to submit to the jury the issue of her negligence. This Court, in dismissing the contention of the defendant, held that the unexpected presence on the highway of the automobile without driver or occupant raised a *prima facie* inference of negligence on the part of the owner sufficient of itself to take the question to the jury. This Court quoted with approval from Shearman & Redfield, Negligence, 5th Ed., Sec. 59, as follows:

"When a thing which causes injury is shown to be under the management of the defendant, and the accident is such

as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care."

Considering this case in the light of the *Shepherd case, supra,* "the thing" under management of the defendant was the sign, and the fact that it was a "one way traffic" sign was appropriate to circumstances of the road being obstructed by the mound of dirt. Appellant's witnesses testified that the sign was not left in the asphalt portion of the street, which is analogous to the testimony in the *Shepherd case* that the defendant properly set the brakes. In the *Shepherd case* the Court held that the contrary position of the car after the collision was strong circumstantial evidence that she was mistaken. The position of the sign at the time the injury was sustained in this case is strong circumstantial evidence that appellant's witnesses were mistaken in denying that the sign was left on the asphalt portion of the street. While it is true in subject case that an automobile did strike and demolish the sign, the conclusion drawn by the appellant that such collision propelled the remnants of the sign onto the asphalt portion of the street is conjecture and not supported by the physical evidence. It is to be further noted that this contention is completely incompatible with the testimony of Frank Arthur that the sign was erect and on the asphalt portion of the street prior to the time it was struck by the auomobile.

The second contention of the appellant is that the only reasonable inference from the testimony is that the intervening, independent action of an unknown automobile striking and tearing up appellant's traffic sign caused the accident. Questions of proximate cause are normally within the province of the jury and may be resolved either by direct or circumstantial evidence. The question here presented is whether it can be reasonably inferred from the evidence that the negligence of appellant was a proximate cause of respondent's injuries and damage. The argument

of appellant is that the unidentified automobile which struck and shattered the sign was an intervening cause which could not reasonably have been foreseen. The following quotation from *Pfaehler v. Ten Cent Taxi Co.,* 198 S. C. 476, 18 S. E. (2d) 331, 335, is pertinent to the question here involved.

"It is universally agreed that the mere fact that the intervention of a responsible human being can be traced between the defendant's wrongful act and the injury complained of will not absolve him. On the contrary the general rule is that whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, though such consequences are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer, or was in reality only a condition on or through which the negligent act operated to produce the injurious result. Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence; and if they are such as might, with reasonable diligence have been foreseen, the last result, as well as the first, and every intermediate result is to be considered in law as the proximate result of the first wrongful cause."

The law is well settled that in order to establish liability it is not necessary that the person charged with negligence should have contemplated the particular event which occurred. It is sufficient that he should have foreseen that his negligence would probably cause injury to something or someone. He may be held liable for anything which appears to have been a natural and probable consequence of his negligence. *Brown v. National Oil Co.,* 233 S. C. 345, 105 S. E. (2d) 81; *Hicklin v. Jeff Hunt Machinery Company,* 226 S. C. 484, 85 S. E. (2d) 739. If the actor's conduct is a substantial factor in the harm to another, the fact that he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability. Restatement, Torts, Section 435.

When appellant .neglected to remove the sign from the asphalt portion of the street and allowed it to remain there at night unlighted, as we have held is reasonably inferable from the evidence, it seems to us clearly foreseeable that injury of some kind to someone would result. It is our opinion that the question of proximate cause was properly submitted to the jury.

The exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.