0784

Samuel P. VAUSE, Sr., Respondent-Appellant v. A. Miller MIKELL, by his Guardian ad Litem, Betty SOLOMONIC, Appellant-Respondent.

(348 S. E. (2d) 187)

Court of Appeals

*Eddie R. Harbin,* Greenville, *for respondent-appellant.*

*David W. Holmes,* of *Farr & Holmes,* Greenville, *for appellant-respondent.*

Heard May 19, 1986.

Decided Aug. 25, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the trial judge partitioning certain real property between appellant-respondent A. Miller Mikell and respondent-appellant Samuel P. Vause, Sr., as tenants in common and awarding Mr. Vause reimbursement for a portion of the funds which he contends were spent by him on the property. Both parties appeal. We affirm in part and reverse in part.

The issues presented are whether the trial judge erred in: (1) finding Mr. Mikell and Mr. Vause owned the property as tenants in common; (2) in awarding Mr. Vause reimbursement in the amount of $852.56 and in not awarding him at least $12,000; and (3) in refusing to admit into evidence certain checks stubs to show amounts spent by Mr. Vause on the property.

I

Both parties except to the finding of the trial judge that they own the property as tenants in common.

Mr. Mikell deeded an interest in property which he owned to his mother Mamie Miller Mikell. The deed specified the interest to be "all my undivided one-half interest." Mrs. Mikell deeded her interest in the property to Mr. Vause and his wife, her son-in-law and daughter, reserving for herself a life estate in the property. Mrs. Vause died testate leaving her interest in the property to Mr. Vause. Mrs. Mikell died terminating her life estate in the property.

Mr. Vause then filed this action seeking an order declaring him to be the sole owner of the property, or if it should be determined that title to the property was not vested solely in him, an order declaring him and Mr. Mikell to be tenants in common and partitioning the property between them.

Mr. Mikell, who is mentally incompetent, filed an answer and counterclaim through his guardian ad litem seeking an order declaring him to be the sole owner of the property.

The matter was heard before a Special Circuit Judge sitting without a jury. The judge issued his order finding Mr. Mikell and Mr. Vause to be tenants in common and partitioning the property by a sale at public auction.

A

Mr. Mikell argues that the trial judge erred in not finding Mr. Vause held the property in constructive trust for him and in not allowing certain cross-examination which he argues would have proved the existence of a constructive trust.

We cannot address this argument because Mr. Mikell did not make it before the trial judge. Rather, he attempted to prove the existence of an express trust. We cannot grant relief on an issue argued for the first time on appeal. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 347 S. E. (2d) 99 (S. C. 1986).

B

Mr. Vause argues that the trial judge erred in not finding he owns the property in fee simple. We reject this argument.

Mr. Vause argues that, by using the words "all my" to modify the words "undivided one-half interest" in the deed to Mrs. Mikell, Mr. Mikell indicated his belief that he owned only an undivided one-half interest in the property. Mr.

Vause further argues that the evidence proves Mr. Mikell intended to deed Mrs. Mikell all of his interest, whatever that interest may have been, and since the interest of Mr. Mikell was a fee simple interest, the deed to Mrs. Mikell should be construed to convey a fee simple interest to her, which she in turn conveyed to Mr. Vause and her daughter subject only to her life estate.

In the construction of a deed, the intention of the grantor must be ascertained and effectuated, unless that intention contravenes some well settled rule of law or public policy. *Wayburn v. Smith*, 270 S. C. 38, 239 S. E. (2d) 890 (1977). The construction of an unambiguous deed is a question of law, not fact. *Hammond v. Lindsay*, 277 S. C. 182, 284 S. E. (2d) 581 (1981). The terms of such a deed may not be varied or contradicted by evidence drawn from sources other than the deed itself. *See Smith v. DuRant*, 236 S. C. 80, 113 S. E. (2d) 349 (1960).

In our opinion, the deed to Mrs. Mikell unambiguously conveys a one-half undivided interest and no ambiguity is created as to the intention of Mr. Mikell by his use of the words "all my" before the words "undivided one-half interest." We therefore conclude that the trial judge did not err in finding that Mr. Mikell and Mr. Vause own the property as tenants in common.[1]

## II

Both parties also except to the finding of the trial judge that Mr. Vause is entitled to a reimbursement in the amount of $852.56.

The trial judge found "that the Plaintiff, Samuel P. Vause, has expended the sum of Eight Hundred Fifty-Two and 56/100ths Dollars ($852.56) for the payment of taxes and insurance covering the real property and that, upon the sale

---

[1] Moreover, from our review of the record, we find the evidence supports the finding of the trial judge that Mr. Mikell conveyed only a one-half undivided interest to Mrs. Mikell. *See Eleazer v. Hardaway Concrete Co.*, 281 S. C. 344, 350, 315 S. E. (2d) 174, 178 (Ct. App. 1984) ("Where an equitable action is tried by the trial judge alone without a reference, the Court of Appeals has jurisdiction to find facts in accordance with its views of the preponderance of the evidence."). Therefore, even if we were to conclude that the deed to Mrs. Mikell is ambiguous, we would reach the same result.

of the subject property, the Plaintiff is entitled to reimbursement for said sum."

## A

Mr. Mikell argues that the trial judge erred in awarding Mr. Vause this reimbursement. We agree.

There is no evidence of any specific amounts paid by Mr. Vause for insurance on the property.

The only evidence of any specific amounts paid by Mr. Vause for taxes on the property are two cancelled checks totaling $218.48. Both of these checks are dated during the period that he was a remainderman to the life estate of Mrs. Mikell. There is no evidence that it was necessary for Mr. Vause to pay these taxes for the protection of his remainder interest. Rather, it appears from the evidence that Mr. Vause paid these taxes as a volunteer.

A remainderman is not entitled to reimbursement for property taxes paid as a volunteer. *See Smith v. McNaughton*, 378 So. (2d) 703 (Ala. 1979); *Barrera v. Barrera*, 294 S. W. (2d) 865 (Tex. Civ. App. 1956); *Huddleston v. Washington*, 136 Cal. 514, 69 P. 146 (1902); *Booth v. Booth*, 114 Iowa 78, 86 N. W. 51 (1901).

We therefore conclude that Mr. Vause is not entitled to reimbursement for taxes and insurance paid on the property.

## B

Mr. Vause argues that the trial judge erred in not awarding him a reimbursement of at least $12,000, including payments he made on a mortgage given on the property by Mr. Mikell. We reject this argument.

Mr. Vause testified that the total amount he paid on the property "was more or less an estimated figure from twelve to fifteen thousand [dollars]." But, other than the two checks showing the taxes he paid, the only evidence of any specific payments by him on the property is a series of cancelled checks which he introduced to show payments he made on the mortgage given by Mr. Mikell.[2]

---

[2] These checks total $861.56, approximately the same amount which the trial judge found Mr. Vause paid for taxes and insurance. Apparently, the judge intended to find he was entitled to reimbursement in this amount for mortgage payments.

Obviously, we cannot decide whether Mr. Vause is entitled to reimbursement for payments made on the property without knowing for what purpose the payments were made.

The cancelled checks which Mr. Vause introduced to show the mortgage payments made by him are all dated during the period he was a remainderman to the life estate of Mrs. Mikell. The mortgage on which these payments were made was given by Mr. Mikell before Mr. Vause acquired any interest in the property. There is neither any evidence that Mr. Vause ever had the duty to make these payments, nor any evidence that it was necessary for him to do so for the protection of his remainder interest. Rather, it appears from the evidence that Mr. Vause acted as a volunteer in making these payments, just as he acted as a volunteer in paying the taxes on the property.

Mr. Mikell cites no case deciding that a remainderman to a cotenant who has a life estate in an undivided interest is entitled to be reimbursed from the other tenant for mortgage payments which the remainderman paid as a volunteer. We are aware of no case addressing this issue. However, there is no logical reason why a remainderman who makes mortgage payments as a volunteer should have any greater right to reimbursement than a remainderman who pays taxes as a volunteer.

We therefore conclude that Mr. Vause is not entitled to reimbursement for the mortgage payments shown by the cancelled checks which he introduced into evidence.

### III

Mr. Vause excepts to the refusal of the trial judge to allow certain check stubs to be introduced into evidence.

Mr. Vause attempted to introduce these check stubs to show additional amounts he had paid on the property, but he did not proffer them for introduction and they are not included in the record before us. The trial judge excluded them under the best evidence rule. Mr. Vause argues that the order of the trial judge should be reversed because he erred in so ruling.

Even if a trial judge errs in excluding evidence, the case cannot be reversed on this basis unless the appellant shows prejudice. *Timmons v. South Carolina*

*Tricentennial Commission,* 254 S. C. 378, 175 S. E. (2d) 805 (1970), *cert. denied,* 400 U. S. 986, 91 S. Ct. 460, 27 L. Ed. (2d) 435 (1971). Without an adequate proffer of evidence, we cannot determine whether an appellant suffered any prejudice by its exclusion. *Benya v. Gamble,* 282 S. C. 624, 321 S. E. (2d) 57 (Ct. App. 1984).

Since we have no way of determining whether the ■ check stubs show payments for which Mr. Vause would be entitled to receive reimbursement, we cannot determine whether he suffered any prejudice by the ruling of the trial judge to exclude them from evidence.

For this reason, we cannot address the argument of Mr. Vause that the order of the trial judge should be reversed based on his refusal to allow the check stubs to be introduced.

Accordingly, we affirm that portion of the order of the trial judge which partitions the property between Mr. Mikell and Mr. Vause as tenants in common and reverse that portion of his order which awards Mr. Vause reimbursement in the amount of $852.56.

Affirmed in part and reversed in part.

SHAW and BELL, JJ., concur.