23161

GREENVILLE MEMORIAL AUDITORIUM, Appellant v.
Thomas MARTIN, Respondent.

(391 S.E. (2d) 546)

Supreme Court

*Jeff Weston* and *Merl F. Code*, Greenville, *for appellant.*

*Douglas F. Patrick*, Greenville, *for respondent.*

Heard Dec. 8, 1989.

Decided Feb. 20, 1990.

HARWELL, Justice:

Respondent Thomas Martin filed an action against appellant Greenville Memorial Auditorium under the South Carolina Tort Claims Act. Respondent sought damages for injuries received as a result of his being struck by a glass bottle which was thrown by an unknown third party from appellant's balcony during a rock concert. Respondent's complaint alleged that appellant's negligence in securing the premises during the concert created an unreasonable risk of harm and proximately caused respondent's injury. Despite appellant's defense which was based on the Tort Claims Act and its allegation that respondent's injury was caused by the

conduct of a third party, the jury returned a $12,000 verdict for respondent. This appeal follows.

## DISCUSSION

### 1. REFUSAL OF TRIAL JUDGE TO PERMIT TESTIMONY REGARDING REQUIREMENT OF PROBABLE CAUSE BEFORE SEARCHING PATRONS

Appellant asserts the trial judge erred in refusing to allow the director of security to testify that security personnel could not search patrons as they entered the auditorium without probable cause. Appellant argues this testimony was crucial to its defense: that respondent's injuries were caused by a third party bringing a concealed bottle of alcohol into the auditorium rather than by appellant's failure to search all patrons as they entered the auditorium. Appellant submits that because it is a public subdivision under S.C. Code Ann. § 15-78-30(h) (1986) of the Torts Claim Act, it is subject to constitutional limitations and the jury was entitled to know appellant's security personnel could not search patrons without probable cause.

An alleged erroneous exclusion of evidence is not a basis for establishing prejudice on appeal in absence of an adequate proffer of evidence in the court below. *Raleigh & C.R. Co. v. Jones,* 104 S.C. 332, 88 S.E. 896 (1916); *Vause v. Mikell by Solomonic,* 290 S.C. 65, 348 S.E. (2d) 187 (Ct. App. 1986). Because appellant's trial counsel failed to make an offer of proof in order to preserve the question for appeal, we do not need to address whether the trial judge erred in excluding such testimony. *Honea v. Prior,* 295 S.C. 526, 369 S.E. (2d) 846 (Ct. App. 1988).

### 2. REFUSAL OF TRIAL JUDGE TO DIRECT A VERDICT

At the close of this case, counsel for the appellant made a motion for a directed verdict which was denied by the trial judge. Appellant asserts this was error because the evidence did not establish its liability. Appellant states the evidence was uncontroverted that this was the first instance of bottle throwing at a concert that the director of security had witnessed in twenty-nine years and therefore, the resulting injury was unforeseeable.

In reviewing whether the trial judge erred in denying a party's motion for a directed verdict, we review the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing such motion. *Kennedy v. Custom Ice Equipment Co.*, 271 S.C. 171, 246 S.E. (2d) 176 (1978). Our task is to determine if the evidence warranted the submission of the case to the jury. *Id.* Contrary to appellant's assertion, in order to establish liability, it is not necessary the person charged with negligence should have contemplated the particular event which occurred. *Young v. Tide Craft*, 270 S.C. 453, 242 S.E. (2d) 671 (1978). It is sufficient that he should have foreseen his negligence would probably cause injury to someone. *Childers v. Gas Lines, Inc.*, 248 S.C. 316, 149 S.E. (2d) 761 (1966). He may be held liable for anything which appears to have been a natural and probable consequence of his negligence. *Id.*

The evidence revealed that during the rock concert, only fourteen security guards were provided to control a crowd of six-thousand persons. Additionally, there was no reserved seating on the main floor of the auditorium; those patrons simply stood before the band. Multiple witnesses testified that other patrons of the concert were openly drinking out of liquor bottles. Respondent testified there were liquor bottles and pieces of glass on the floor of the auditorium during the concert. There was testimony indicating that other patrons were smoking marijuana during the concert. The crowd was unruly as patrons were pushing and shoving each other. Respondent testified that he did not see any apparent effort by appellant's security personnel to stop the drinking, smoking, pushing, or shoving.

On the night respondent's injury occurred, *Loverboy*, a rock group, was playing in the auditorium. Appellant's security director indicated that when a rock group like *Loverboy* was in concert, whose songs invite the use of illegal drugs and alcohol, there would be the potential for greater security problems. He also acknowledged it was easier for security personnel to see into the crowds when there was reserved seating. Although appellant's security director testified this was the first instance of bottle throwing he had ever been aware of, his testimony demonstrated he was on notice that

patrons of the auditorium consumed alcohol during various events.

Viewing this evidence in the most favorable light to the respondent, we find there was ample evidence from which a jury could find that respondent's injuries were foreseeable and that appellant was liable. The trial judge did not err in submitting the case to the jury.

### 3. JURY CHARGE

At trial, the evidence revealed the glass bottle that injured respondent was thrown by an unknown patron.

Appellant argues in its brief that at the close of its case, it requested and the trial judge refused to instruct the jury that under S.C. Code Ann. § 15-78-60(20) (1986), a governmental entity is not liable for a loss resulting from a criminal act committed by a third party.

After our review of the transcript of the proceedings, we find the transcript does not evidence such request by trial counsel or refusal by the trial judge. Supreme Court Rule 8, § 7 limits our consideration of facts set forth in an exception unless it appears from the transcript of record that it is true. This issue is not entitled to our consideration. *See Aaron v. Hampton Motors, Inc.*, 240 S.C. 26, 124 S.E. (2d) 585 (1962) (where an exception charges error in conduct of trial, the conduct to which the exception is taken must appear in the transcript of proceedings and not merely be referred to by the exception itself).

### 4. REFUSAL OF TRIAL JUDGE TO DISMISS ACTION UNDER S. C. CODE ANN. § 15-78-60(20) (1986)

Section 15-78-60(20) provides that a governmental entity is not liable for a loss resulting from the act or omission of a person other than an employee including, but not limited to, the criminal acts of third persons. Appellant asserts the trial judge erred in failing to dismiss the action under this section because there was no evidence appellant's employees caused respondent's injuries and because such injuries were caused by the criminal acts of a third person.

Here, respondent's complaint alleged appellant and its employees were negligent in adequately securing and maintaining the premises during the concert and this negligence created a reasonably foreseeable risk of such third

party conduct. Respondent's complaint did not allege appellant was liable because of the criminal act of a third party. Consequently, Section 15-78-60(20) would not operate to exonerate appellant of liability for its own conduct.

Appellant cannot successfully defend that respondent's injuries were caused by the wrongful criminal act of a third party, where the very basis upon which appellant is claimed to be negligent is that appellant created a reasonably foreseeable risk of such third party conduct. Consequently, the trial judge did not err in refusing to dismiss the action.

Affirmed.

CHANDLER, FINNEY and TOAL, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

I respectfully dissent.

I disagree with the majority's opinion that a directed verdict was properly denied. In my view, the only evidence pertinent to the issue of appellant's negligence is as follows. On the night in question, signs were visible at the entrance to the auditorium prohibiting patrons from carrying glass containers into the concert. Security personnel were stationed at the entrance with instructions to observe patrons coming in and to investigate any suspicious bulge under clothing or any noticeably heavy hand-carried parcels. In the balcony area, where the bottle-throwing undisputedly occurred, patrons were seated in individual seats in graduated rows. There were twenty-four sections of seats, each with approximately 120 seats. Four security officers were stationed in the balcony where they circulated throughout the concert. There is no evidence of any crowd disturbance occurring in the balcony.

In my opinion, the record is devoid of evidence respondent's injury was the natural and probable consequence of appellant's alleged negligence in securing the premises. *See Daniel v. Days Inn of America, Inc.*, 292 S.C. 291, 356 S.E. (2d) 129 (Ct. App. 1987). Respondent presented no evidence that increased security measures would have prevented his injury or that appellant failed to exercise reasonable care to protect its patrons from injury.

Accordingly, I would reverse the trial judge's denial of a directed verdict on the issue of liability.