THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Greenville
 Airport Commission, Respondent,
 
 
 

v.

 
 
 
 Gregory Bruns, Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2011-UP-410
 Submitted August 15, 2011  Filed August
29, 2011

AFFIRMED

 
 
 
 John Adams Hodge, of Columbia, and Joseph S. Lyles, of Greenville,
 for Appellant.
 Knox L. Haynsworth, III, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Gregory
 Bruns appeals the denial of his request for attorney's fees, arguing the trial
 judge erred in finding Greenville Airport Commission (Commission) had
 substantial justification in pursuing a negligence action against him.  We affirm.[1]
This court reviews the trial
 court's decision to deny attorney's fees requested under section 15-77-300 of
 the South Carolina Code (2005) for an abuse of discretion in considering the
 applicable factors.  Layman v. State, 376 S.C 434, 444, 658 S.E.2d 320,
 325 (2008).  "An abuse of discretion occurs when the conclusions of the
 trial court are either controlled by an error of law or are based on
 unsupported factual conclusions."  Id.
A party prevailing in
 defending an action against the State or its political subdivisions in a civil
 action may recover reasonable attorney's fees if: "(1) the court finds that the agency acted without
 substantial justification in pressing its claim against the party; and (2)
 the court finds that there are no special circumstances that would make the
 award of attorney's fees unjust."  S.C. Code Ann. § 15-77-300.  "An agency acts with 'substantial justification'
 within the meaning of the statute when its position has a 'reasonable basis in
 law and fact.'"  Cornelius v. Oconee Cnty., 369 S.C. 531, 539, 633
 S.E.2d 492, 497 (2006).  Substantial justification means "justified in
 substance or in the main  that is, justified to a degree that could satisfy a
 reasonable person."  Heath v. Aiken, 302 S.C. 178, 183, 394 S.E.2d
 709, 712 (1990) (citation and internal quotation marks omitted).
In a negligence
 action, it is sufficient that the person charged with negligence "should
 have foreseen his negligence would probably cause injury to [something or]
 someone" and "may be held liable for anything which appears to have
 been a natural and probable consequence of his negligence," even when he
 did not contemplate the particular event which occurred.  Greenville Mem'l
 Auditorium v. Martin, 301 S.C. 242, 245, 391 S.E.2d 546, 547-48 (1990)
 (citations omitted).  
Here, the trial court did not
 abuse its discretion in denying Bruns's request for attorney's fees by finding Commission
 had substantial justification in pressing a negligence action against Bruns.  Bruns,
 a licensed pilot, left the runway surface at Greenville Downtown Airport and
 entered the Engineered Material Arresting System (EMAS) surface, causing damage. 
 As a pilot, Bruns had a duty at common law and pursuant to FAA regulations to
 operate his aircraft in such a manner as not to damage Commission's property.  It
 should have been foreseeable to Bruns that he could potentially damage airport
 property if he did not operate his aircraft in a way that would permit him to
 stop at the end of the runway.  Although Bruns disputed the airport gave him
 notice of the presence of the EMAS beyond the end of the runway, the airport's
 directory contained a notation of an EMAS.  Furthermore, markers and lights
 indicated the end of the runway, and chevrons were painted on top of the EMAS designating
 a surface unusable for taxiing.  The Air Traffic Controller testified he thought
 Bruns was going to turn before the end of the runway.  Thus, facts existed in
 the record to justify Commission to conclude Bruns was negligent and the
 property damage to the EMAS was a natural and probable consequence of Bruns's negligence. 
 The jury's finding that Bruns was negligent and proximately caused some of
 Commission's loss serves only to confirm Commission's position.  Accordingly, facts
 in the record support the trial court's finding Commission had substantial
 justification in bringing and maintaining a negligence action against Bruns.  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.