**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeane Whitfield, Appellant,

v.

Dennis K. Schimpf, M.D. and Sweetgrass Plastic Surgery, LLC, Respondents.

Appellate Case No. 2019-001716

———————————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-417
Heard September 15, 2022 – Filed November 23, 2022

———————————

**AFFIRMED**

———————————

Daniel Scott Slotchiver and Andrew Joseph McCumber, both of Slotchiver & Slotchiver, LLP, of Mount Pleasant; Jesse Sanchez, of The Law Office of Jesse Sanchez, of Charleston; and Brent Souther Halversen, of Halversen & Halversen, LLC, of Mount Pleasant, all for Appellant.

Todd W. Smyth and Kevin Richard Horton, both of Smyth Whitley, LLC of Charleston; Stephen Tyler Graves, of Graves & Davis, LLC, of Charleston, all for Respondents.

———————————

**PER CURIAM:** This is a medical malpractice action in which Jeane Whitfield contends plastic surgery performed by Dr. Dennis K. Schimpf and Sweetgrass Plastic Surgery, LLC, caused her physical and psychological damages. On appeal, Whitfield raises three allegations of error: (1) the trial court erred in excluding testimony from defense experts Dr. James Ballenger and Dr. Jorge Perez relating to their examination of Whitfield pursuant to Rule 35, SCRCP; (2) the trial court erred in excluding evidence regarding a personal relationship between a witness and Dr. Schimpf; and (3) the trial court erred in denying Whitfield's directed verdict motion regarding the failure of Sweetgrass Plastic Surgery to maintain certain medical records relating to her treatment pursuant to Regulation 61-91.703(D) of the South Carolina Code (2012 & Supp. 2022). We affirm pursuant to Rule 220(b), SCACR and the following authorities:

1. As to the trial court's excluding certain testimony from Dr. Ballenger and Dr. Perez: *Davis v. Parkview Apartments*, 409 S.C. 266, 280, 762 S.E.2d 535, 543 (2014) (stating "to challenge the specific rulings of [a] discovery order[], the normal course is to refuse to comply, suffer contempt, and appeal from the contempt finding"); *Ex parte Whetstone,* 289 S.C. 580, 580, 347 S.E.2d 881, 881-82 (1986) ("An order directing a party to participate in discovery is interlocutory and not directly appealable . . . . Instead of appealing immediately, a non-party has two alternatives. He may either comply with the discovery order and waive any right to challenge it on appeal, or refuse to comply with the order and appeal after he is held in contempt for his failure to comply."); *Green By & Through Green v. Lewis Truck Lines, Inc.*, 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994) (hearing the appeal of a civil contempt order against grandmother who refused to produce her grandson for examination by clinical psychologist under Rule 35, SCRCP); *Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 604, 340 S.E.2d 546, 547 (1986) ("One [c]ircuit [c]ourt [j]udge does not have the authority to set aside the order of another.").

2. As to the trial court's exclusion of testimony regarding a personal relationship between a witness and Dr. Schimpf: Rule 608(c), SCRE ("Bias, prejudice or any motive to misrepresent may be shown to impeach [a] witness either by examination of the witness or by evidence otherwise adduced."); *State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979); ("It is well settled that a reviewing court may not consider error alleged in exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been."); *Greenville Mem'l Auditorium v. Martin*, 301 S.C. 242, 244, 391 S.E.2d 546, 547 (1990) ("An alleged erroneous exclusion of evidence is not a basis for establishing prejudice on

appeal in absence of an adequate proffer of evidence in the court below."); *Ellis v. Oliver* 323 S.C. 121, 132, 473 S.E.2d 793, 799 (1996) ("[A]ppellant failed to proffer [the] records he sought to introduce. Consequently, this issue is not preserved for review."); *Martin*, 301 S.C. at 244, 391 S.E.2d at 547 ("Because appellant's trial counsel failed to make an offer of proof in order to preserve the question for appeal, we do not need to address whether the trial judge erred in excluding such testimony."); Rule 103(a)(2), SCRE ("Error may not be predicated upon a ruling which . . . excludes evidence unless . . . the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.").

3. As to the trial court's denial of Whitfield's directed verdict motion on her negligence cause of action brought under Regulation 61-91.703 of the South Carolina Code: *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (quoting *Burnett v. Family Kingdom, Inc.* 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010))); *Turner v. Med. Univ. of S.C.,* 430 S.C. 569, 582, 846 S.E.2d 1, 7 (Ct. App. 2020) ("This court will reverse the circuit court's ruling on a directed verdict motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law."); *Whitlaw v. Kroger Co.*, 306 S.C. 51, 53-54, 410 S.E.2d 251, 252-53 (1991) ("[B]reach of [a] duty can be found with a showing of [the] violation of [a] statute. The finding of a statutory violation, however, does not end the inquiry. The causation of the injury must also be evaluated.").

**AFFIRMED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**